J-S76029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARED ALAN MOORE | |
| Appellant | No. 1082 WDA 2014 |

Appeal from the PCRA Order June 30, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0000412-2004
CP-02-CR-0018117-2003

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 11, 2015**

Appellant, Jared Alan Moore, appeals *pro se* from the order entered June 30, 2014, in the Court of Common Pleas of Allegheny County.  We affirm.

Moore's judgment of sentence became final on July 5, 2010, which date is 90 days after our Supreme Court denied his petition for allowance of appeal.  Moore was 19 years old when he committed a murder and was 24 years old when the trial court sentenced him to a term of life imprisonment without the possibility of parole.  Moore filed a petition for writ of habeas corpus on February 6, 2014, which the lower court treated as an untimely PCRA petition (Moore's second) and denied relief.  This timely appeal followed.

On appeal, Moore argues that the PCRA court erred in treating his writ of habeas corpus as a PCRA petition and that he is entitled to relief under *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012). In *Miller*, the Court recognized a constitutional right for juveniles *under the age of eighteen*, and held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" ___ U.S. at ___, 132 S.Ct. at 2460.

The PCRA court correctly treated Moore's writ of habeas corpus as a PCRA petition. The PCRA states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus…." 42 Pa.C.S.A. § 9542. This Court has addressed *Miller* claims under the PCRA. **See**, **e.g.**, **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014).

Moore cannot benefit from the holding in *Miller*. He was 19 years old at the time he committed murder. Even if he had been 18 years old or younger when he committed the murder, our Supreme Court has held that the right announced in *Miller* does not apply retroactively. **See Commonwealth v. Cunningham**, 81 A.3d 1, 10 (Pa. 2013). And this Court has held that a petitioner cannot rely on *Miller* or 42 Pa.C.S.A. §

9545(b)(1)(iii) to establish jurisdiction over an untimely PCRA petition. *See*

*Seskey*, 86 A.3d at 243.

Moore argues that the holding in *Miller* should be extended to persons who committed offenses under the age of 25 as "[d]evelopmental neuroscience has now gathered extensive evidence that both structure [sic] of the adolescent brain and the way it functions, are immature compared to the adult brain." Appellant's Brief, at 18 (citation and internal quotation marks omitted). He further argues that *Miller* (his version that applies to persons under the age of 25) renders 61 Pa.C.S.A. § 6137 unconstitutional. Despite this novel interpretation, *Miller* is simply inapplicable.

Moore has filed a patently untimely PCRA petition that does not come within any of the exceptions to the time bar. *See* 42 Pa.C.S.A. 9545(b)(1)(i)-(iii). The PCRA court correctly determined that it was without jurisdiction to entertain Moore's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015

- 3 -